IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT AKRON

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. |
| | ) | |
| Twila Gaines | ) | CHAPTER 13 |
| | ) | |
| Debtor(s) | ) | BANKRUPTCY JUDGE: |
| | ) | JUDGE MARILYN SHEA-STONUM |
| | ) | |
| | ) | Original Chapter 13 Plan |
| | ) | |
| | ) | See Paragraph Twelve for Special |
| | ) | Provisions |

*************************************************************************

ATTENTION CREDITORS—YOUR RIGHTS MAY BE AFFECTED.

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

  A. To the Chapter 13 Trustee (hereinafter "Trustee"): $380 per month, payable in weekly installments of $87.69 each,

   The Debtor is employed by City of Akron, Ohio , 166 S. High Street; Akron, Ohio 44308 and shall make payment by payroll deduction.

       The Debtor further proposes to devote all annual income tax refunds greater than $1,5000 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause

shown, the Court may consider and may grant a temporary suspension of plan payment without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

2. **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

   NONE

3. **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. § 507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment ot secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

4. **CLAIMS SECURED BY REAL PROPERTY**

    A. **Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provide for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Bank of America | 98 Avondale Drive Akron, Ohio 44313 | $18,133.35 | --- | $350 |

    B. **Liens and Other Claims secured by Real Estate**

   NONE

5. **CLAIMS SECURED BY PERSONAL PROPERTY**

   **A. Secured Claims to be Paid Through the Plan:**

   NONE

6. **FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

   NONE

7. **DOMESTIC SUPPORT OBLIGATIONS**

Debtor does not have domestic support obligations pursuant to 11 U.S.C. §101(14A)

8. **OTHER PRIORITY CLAIMS**

   NONE

9. **GENERAL UNSECURED CLAIMS**

Unsecured Creditors shall be paid 1.35% of timely filed and non disputed general non-priority unsecured claims.

10. **PROPERTY TO BE SURRENDERED**

    NONE

11. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

    NONE

12. **SPECIAL PROVISIONS**

    (a) Debtors shall retain the property below and make payments directly to the creditor(s) outside the plan.

| Creditor | Property Description |
|---|---|
| Bank of America | 98 Avondale Drive; Akron, Ohio 44313 |

Akron Police Credit Union             2007 Nissan Maxima

  (b)    Bank of America shall continue to send customary billing statements to the debtor notifying debtor of the monthly payment due. These statements shall not be construed as a violation of the automatic stay provisions of the bankruptcy code.

  (c )   Akron Police Credit Union shall continue to send customary billing statements to the debtor notifying debtor of the monthly payment due. These statements shall not be construed as a violation of the automatic stay provisions of the bankruptcy code.

/s/ Twila Gaines
Twila Gaines

November 8, 2010
Date

                         /s/ Mary Lou Burns
                         MARY LOU BURNS
                         Attorney for Debtor(s)
                         Ohio Registration No. #0071363
                         484 S. Miller Rd.
                         Akron, Ohio 44333
                         330-668-6006
                         Fax: 330-869-9991

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

10-55598

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NUMBER |
| | ) | |
| **Twila Gaines** | ) | **FINANCIAL SUMMARY** |
| | ) | **OF CHAPTER 13 PLAN** |
| Debtor | ) | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| I. | PRIORITY CREDITORS | | Amount | | % PAID | | AMOUNT PAID |
| | 1. | | | | 0.00% | | $0 |
| | 2. | | | | | | |
| | 3. | | | | | | |
| | TOTAL PRIORITY | | | | | | $0 |

II. SECURED CREDITORS - PAID DIRECTLY BY DEBTOR(S)
    1.

III. SECURED CREDITORS - PAID BY CHAPTER 13 TRUSTEE     Secured Amount    Interest Amount    Unsecured Amount

    1.                                                                                                                                                  $18,133.35     $66.65     $0.00
        # Mos.: 52      $ Payment: $350.00
    2.                                                                                                                                                                                                  $0.00
        # Mos.:      $ Payment:
    3.                                                                                                                                                                   $0.00     $0.00
        # Mos.:      $ Payment:

PROPERTY TAXES

| | | | | | |
|---|---|---|---|---|---|
| SECURED PORTION + INTEREST TOTAL: | $18,200.00 | @ | 100.00% | = | $18,200.00 |
| UNSECURED PORTION TOTAL: | $0.00 | @ | 1.35% | | $0.00 |
| IV. UNSECURED CREDITORS: | $65,189.74 | @ | 1.35% | = | $878.34 |
| V. SPECIAL CLASS OF CREDITORS | 0 | @ | % | = | $0.00 |

VI. ATTORNEY FEES: $750 PAID, BALANCE DUE:                                          $2,250.00

                                                                      SUBTOTAL BEFORE TRUSTEE FEES:    $21,328.34

VII. TRUSTEE'S FEES AND EXPENSES: 6.9%                                                       $1,471.66

                                                                                            TOTAL:    $22,800.00

VIII. PAYMENTS FROM DEBTOR(S):
        DEBTOR      $380.00 EVERY      Month      For      60 Months      $22,800.00